UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE THOMAS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0736 AS |
| ) | |
| EDWIN BUSS, ) | |
| ) | |
| Respondent. ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about November 14, 2005, *pro se* petitioner Lawrence Thomas, an inmate confined at the Indiana State Prison ("ISP"), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. § 2254. The petitioner is a convicted felon serving a forty year sentence for felony murder imposed by the Laporte Superior Court.

The response filed on behalf of the respondent by the Attorney General of Indiana on July 5, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The respondent asserts that the petitioner did not file his petition within the one-year statute of limitations under 28 U.S.C. § 2244(b). The petitioner filed a Traverse on July 18, 2006, which this Court has carefully examined. This court is favorably impressed with the format of the presentation made by this *pro se* petitioner in his memorandum in support of his traverse.

The parties' submissions establish that the petitioner was convicted of felony murder in the Laporte Superior Court on August 18, 1993, and was sentenced to a term of forty years imprisonment. The petitioner appealed his conviction to the Court of Appeals of Indiana,

which affirmed the conviction on December 22, 1995. The petitioner then sought transfer to the Indiana Supreme Court, which denied transfer on August 6, 1996.

The petitioner filed a petition for post-conviction relief on February 5, 1998, which the trial court denied on April 28, 2003. The Indiana Court of Appeals reversed the trial court's finding that the petitioner's trial counsel was ineffective. But the State sought transfer to the Indiana Supreme Court, which, on May 31, 2005, concluded that trial counsel's failure to object to the trial court's instruction was harmless and did not constitute ineffective assistance of counsel. The petitioner then filed his petition for writ of habeas corpus.

This petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, which imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. 28 U.S.C. §2244(d). Section 2244(d)(1) provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for filing a petition for writ of certiorari to the United States Supreme Court has passed. *Griffith v. Kentucky*, 479 U.S. 413, 321 n. 3 (1987). Accordingly, the petitioner's statute of limitations expired on November 4, 1997, unless one of the other predicates listed in Section 2244(d)(1) provided a later date for the conviction becoming final or the statute was tolled by a subsequent state court proceeding. The petitioner asserts that a state imposed impediment delayed the finality of his conviction.

In attachment "A" to his traverse, the petitioner first argues that "if he is untimely, it is due to the States' newly imposed time frame for the one (1) year statute of limitation." (Attachment "A" at p. 1). But the statute of limitations was imposed by the United States, not the State of Indiana, so the petitioner cannot claim that this was a State imposed impediment.

The petitioner also argues that he did not receive a communication from his appellate counsel informing him that the Indiana Supreme Court denied the petition to transfer on August 6, 1996, until at least after December 31, 1996. In support of this proposition, he submits an unsworn statement from ISP Case Manager Charles Wood, stating that "[t]here is no record of Mr. Lawrence Thomas (#936662) receiving any legal correspondence from Attorney Donald W. Pagos between August 1, 1996 through December 31, 1996." He also

3

contends that he did not receive a timely copy of the order granting his pro se petition for a copy of the record, which he says he filed on September 3, 1996.

The petitioner contends that "the Indiana State Prison, an agent of the State of Indiana, impeded his ability to be informed as to the status of his Indiana legal proceedings because the . . . prison failed to turn over or present any of Thomas' legal correspondence from his appellate counsel, Donald W. Pagos, and/or from the Clerk of the Indiana Supreme Court from August 1, 1996 through December 31, 1996." (Attachment "A" at p.1),

The evidence before the court, however, does not support this contention. Even if the court accepts the unsworn statement of Mr. Woods as evidence, nothing before the court establishes, or even suggests, that Mr. Pagos sent mail to the petitioner during this period. Mr. Wood's statement establishes only that there is no record of the petitioner having received any correspondence from Mr. Pagos during the last five months of 1996.

Finally, the petitioner suggests that the respondent should be estopped from asserting the statute of limitations as a defense because this court initially determined that it appeared that his statute of limitations had not run and entered an order to the respondent to show cause why the petition should not be granted. But that the court made a preliminary determination that it appeared the petition was timely does not preclude the respondent from presenting evidence of untimeliness and arguing that the petition was untimely, nor does it preclude this court from determining in light of all the evidence that the petition is untimely.

The court concludes that the statute of limitations expired on November 4, 1997. The petitioner's petition for post-conviction relief would have tolled the statute of limitations had

4

the statute already not expired. But because the petitioner filed his petition for post-conviction relief after the statute of limitations established by 28 U.S.C. § 2244(d)(1) expired, it did not toll the statute of limitations pursuant to § 2244(d)(2).

For the foregoing reasons, the court **DENIES** this petition pursuant to 28 U.S.C. §2244(d).

**IT IS SO ORDERED.**

**DATED**: October   10  , 2006

                                          **S/ ALLEN SHARP**
                                          **ALLEN SHARP, JUDGE**
                                          **UNITED STATES DISTRICT COURT**